No. 341

ROCCA v. ROSENSTIEL

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2704. Decided Dec. 28, 1925

327. COURTS—Leave of court not required in filing petition in error from Municipal Court of Cincinnati in forcible entry and detainer action.

BUCHWALTER, P. J.

This action arose in the Cincinnati Municipal Court, G. W. Rosenstiel filing a suit in forcible entry and detainer against Anna Rocca.

Judgment was rendered for Rosenstiel. Rocca filed a petition in error in the Hamilton Common Pleas, which was struck from the files on the ground that same was not filed by leave of court. Court of Appeals held:

1. Municipal court of Cincinnati given jurisdiction in forcible entry and detainer cases by 1558-6 GC.

2. Sec. 1558-26 providing for appeal from judgment of the Cincinnati Municipal Court does not require leave of court to file a petition in error.

Judgment of Common Pleas reversed, with instructions to reinstate cause.

Attorneys—T. V. Maxedon for Rocca; Simeon M. Johnson for Rosenstiel; both of Cincinnati.

---

No. 342

FINCHER v. GIBBONS

Ohio Appeals, 2nd Dist., Montgomery Co.

Decided Jan. 29, 1926

Judges Houck and Shields, 5th Dist; and Young 6th Dist., sitting.

751. MASTER AND SERVANT—Employe engaging in personal quarrel not acting within scope of employment.

683. JURY—Finding of jury on conflicting evidence (480) will not be disturbed unless from record it appears contrary to weight of such evidence.

SHIELDS, J.

This case arose in the Montgomery Common Pleas, W. B. Fincher alleging that while eating in a hotel owned and operated by M. J. Gibbons, an altercation arose between himself and an employe of the said Gibbons, regarding the food served.

Later, Fincher while standing in the lobby of the hotel, was assaulted by the said employe and badly beaten.

The evidence introduced is very conflicting and does not show who first commenced the assault. The court charged that if the jury found that the employe was acting at the time of the assault, in the capacity of an employe, then Gibbons is liable, but if, it were true, as Gibbons alleged, that this was a personal quarrel, no recovery could be had. The jury found for Gibbons. Fincher prosecuted error to the Court of Appeals, which held:

1. The jury is the sole judge of the facts, and where the verdict is not manifestly contrary to the weight of the evidence as shown by the record, its verdict will be sustained.

2. Where an employe engages in a personal quarrel with a guest in a hotel, and such guest is damaged thereby, the employer is not liable for such personal quarrel is not within the scope of the employment of such employe.

Judgment affirmed.